UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4287

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO MAURICE CRAIG, a/k/a Cup,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00088-FDW-CH-1)

Argued: October 28, 2009          Decided: December 30, 2009

Before MOTZ and GREGORY, Circuit Judges, and Benson E. LEGG, Chief United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Mark Andrew Jones, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Claire J. Rauscher, Executive Director, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Maurice Craig appeals his convictions for possession with intent to distribute cocaine base and for conspiracy to possess and distribute cocaine base. He argues that the district court abused its discretion in refusing to issue a lesser included offense instruction for powder cocaine, that the evidence was insufficient to support his convictions, and that the district court abused its discretion in admitting hearsay testimony. For the reasons that follow, we affirm.

I.

A grand jury issued a three-count indictment against Craig. Count One charged conspiracy to possess and distribute at least fifty grams of cocaine base from March 2005 to March 31, 2006 in violation of 21 U.S.C. §§ 841(b)(1), 846. This crime related to a series of alleged hand-to-hand transactions committed during this time period.

Count Two charged possession with intent to distribute at least five grams of cocaine base on March 12, 2005 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On March 12, a police officer stopped Craig's vehicle and found a 7.54 gram crack rock in the front of the car as well as a smaller piece of crack in the back seat. During a pat-down search, the officer also discovered a small baggie of cocaine (.35 grams) in Craig's

3

pocket. Craig's brother, a fugitive at the time, was in the car as well.

Count Three charged possession with intent to distribute at least five grams of cocaine base on March 31, 2005 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. This charge arose out of the search of a home rented and occupied by Craig, which yielded a 5.94 gram crack rock and drug dealing paraphernalia.

Craig pleaded not guilty, and his case went to trial before a jury. Although the Government did not charge Craig with possession of powder cocaine, defense counsel permitted the introduction of the powder seized on March 12, purportedly to bolster a theory that Craig's use of powder cocaine constituted his only contact with drugs.

At the close of evidence, Craig's attorney requested a lesser included offense instruction for possession of powder cocaine. The district court refused to give the instruction on the ground that the Government had not charged Craig with possession of the baggie of powder cocaine.

While deliberating, the jury asked, among other things, to see testimony relating to the baggie of cocaine that the police seized from Craig on March 12. The court refused to furnish the jurors with a transcript of the testimony, but allowed them to view the evidence itself if they wished.

4

Shortly thereafter, the jury returned a verdict finding Craig guilty of the crimes charged in Counts One and Two, and acquitting him of the crime charged in Count Three. The verdict form asked the jury to find a quantity of cocaine base foreseeable to Craig under each count of the indictment. For each of the two convictions, the jury checked a box finding less than five grams of cocaine base foreseeable to Craig. The district court sentenced Craig to a prison term of 240 months.

Craig timely appeals, raising three contentions, which we consider in turn.

II.

First, Craig argues that the district court erred in refusing to issue a lesser included offense instruction for possession of powder cocaine.[1]

Federal Rule of Criminal Procedure 31(c) provides that a "defendant may be found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c).

---

[1] The district court also denied Craig's request for a lesser included offense instruction for simple possession of crack. Craig does not pursue that request on appeal. Rather, Craig now simply contends that a powder cocaine offense constitutes a subset of a crack cocaine offense, which entitles him to a lesser included offense instruction for Count Two (relating to March 12, the day that the police seized powder cocaine from his person), and for Count One (to the extent that the events of March 12 also support that conviction).

5

Concerned that prosecutors may be tempted to obtain unjustly harsh convictions by forcing a jury to decide between conviction of a very serious offense or acquittal, the Supreme Court has held that defendants may request a lesser included offense instruction to give the jury a more palatable alternative. Keeble v. United States, 412 U.S. 205, 212-13 (1973).

A trial court must issue a requested lesser included offense instruction when "the elements of the lesser offense are a subset of elements of the charged offense." Schmuck v. United States, 489 U.S. 705, 716 (1989). Craig argues that because the elements of possession of powder cocaine constitute a subset of the elements of possession of cocaine base, see United States v. Brisbane, 367 F.3d 910, 914 (D.C. Cir. 2004),[2] the district court should have issued a lesser included offense instruction in this case.

Craig's argument fails because it misapprehends the purpose of the lesser included offense instruction. Such an instruction serves to prevent the prosecution from characterizing a single crime as overly severe -- not to force the prosecution to charge a defendant, who commits two crimes, with the less severe of the two. We rejected a very similar argument in United States v.

---

[2] We need not, and do not, reach the question whether, as a legal matter, the elements of powder cocaine offenses constitute a subset of the elements of cocaine base offenses.

Echeverri-Jaramillo, 777 F.2d 933 (4th Cir. 1985).[3]  There, the defendant -- charged with possession with intent to distribute over thirty-five pounds of cocaine, which he offloaded from a boat -- requested a lesser included offense instruction relating to a small amount of cocaine that he possessed in his pocket. Id. at 934-35.  We upheld the district court's refusal to give such an instruction, reasoning:

> The indictment against Echeverri . . . recited overt acts relating only to the over thirty-five pounds of cocaine which were removed from the [boat]. . . . The smaller amount of cocaine allegedly possessed by Echeverri . . . was not part of the indictment and consequently had no role in the judge's jury instructions as to the nature of the crimes charged.

Id. at 935.

In this case, as in Echeverri-Jaramillo, the "overt acts" recited in the indictment do not include possession of the "smaller amount of cocaine," here the baggie.[4]  Craig's argument

---

[3] Craig argues that Schmuck overruled Echeverri-Jaramillo. In fact, Schmuck expressly states that its holding "in no way alters" the rule relied on in Echeverri-Jaramillo and in the case at hand, that "the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater."  489 U.S. at 716 n.8.

[4] Craig suggests that because the indictment did not specifically mention the crack rock in his car, it was ambiguous as to whether he was being tried for the crack, the powder, or both.  However, the indictment specified that Craig possessed "a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine."  Furthermore, the indictment alleged that Craig possessed "at least five grams of a mixture containing . . . crack cocaine."  Although the (Continued)

7

is therefore not that the conduct charged in the indictment was less serious than the indictment alleges. Rather, he contends that this court should force the Government to prosecute him for entirely separate conduct. But "the decision to prosecute is particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607 (1985). Here, we decline to second-guess the prosecutor's decision not to charge Craig with possession of the baggie of powder cocaine. We therefore hold that the district judge did not err by refusing to issue a lesser included offense instruction.

## III.

Craig also challenges the sufficiency of the evidence to support his convictions. With regard to Count One, Craig argues that the evidence against him, indicating that he engaged in multiple hand-to-hand transactions each day, is inconsistent with the jury's attribution of less than five grams to him. As to Count Two, Craig argues that the 7.54 gram crack rock, the only cocaine base in his vehicle on March 12, is again inconsistent with the jury's attribution to him of less than five grams of cocaine base. In sum, Craig argues that because

---

indictment could have been more specific and mentioned the 7.54 gram crack rock, it was certainly not vague enough to be ambiguous on this point.

the jury found him responsible for such a small amount of cocaine base, it implicitly rejected all of the evidence against him, which tended to show that he was responsible for a much larger amount of cocaine base.

A defendant challenging the sufficiency of the evidence bears a "heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We must uphold a jury's verdict if the evidence, viewed in the light most favorable to the Government, would permit a reasonable finder of fact to find the defendant guilty beyond a reasonable doubt. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007); United States v. Burgos, 94 F.3d 849, 862 (4th cir. 1996) (en banc). We reverse only where "where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978); Foster, 507 F.3d at 244-45.

To prove possession with intent to distribute cocaine base, the Government must show (1) possession of the cocaine base; (2) knowledge of this possession; and (3) intent to distribute. See Burgos, 94 F.3d at 873. Possession may be "actual or constructive, and it may be sole or joint." Id. (quotation marks and citation omitted). The "elements of a § 846 conspiracy are (1) an agreement between two or more persons to violate federal law relating to controlled substances; (2) knowledge of the essential objectives of the conspiracy; (3)

9

knowing and voluntary involvement therein; and (4) interdependence among the conspirators." United States v. Hall, 551 F.3d 257, 268 n.13 (4th Cir. 2009).

Craig relies on dicta from Pipefitters Local Union No. 562 v. United States, 407 U.S. 385, 400 n.11 (1972), to argue that if the jury's specific verdict that Craig was responsible for less than five grams of cocaine base is inconsistent with its general verdict, then his conviction cannot stand. Whatever force the Pipefitters dicta may have once had, it withered when the Supreme Court, in United States v. Powell, 469 U.S. 57 (1984), subsequently reaffirmed the decades-old principle that controls here.[5] In Powell the Court explained that "where truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real

---

[5] Craig attempts to distinguish Powell on the ground that Powell addressed only cases in which the verdict on one count is inconsistent with the verdict on another, while in this case, the inconsistent verdicts are the specific and general verdict on the same count. See Powell, 469 U.S. at 59. This is a distinction without a difference. The rationale of Powell, that an appellate court should not infer innocence when a jury, whether "through mistake, compromise, or lenity," reaches inconsistent verdicts, applies with full force here. Id. at 65. Moreover, the Powell Court expressly considered and rejected the argument that inconsistent verdicts justify appellate intervention even "where the jury acquits a defendant of a predicate felony, but convicts on the compound felony," a circumstance extremely close to the facts of this case. Id. at 67.

10

conclusions, but that does not show that they were not convinced of the defendant's guilt.'" Id. at 64-65 (alteration in original) (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)).

Furthermore, after examining the facts, we detect no inconsistency between the jury's specific verdict and its general verdict. While Craig may be able to stake out a claim that the jury intended to show him mercy, or to apportion responsibility for his crimes among multiple perpetrators, he cannot sustain his "heavy burden" to show that no rational factfinder could find him guilty of the offenses charged in the indictment and also find him responsible for less than five grams of cocaine base.

With regard to Count One, multiple witnesses testified that Craig dealt crack cocaine, and the jury could have partially credited their statements to arrive at the conclusion that Craig dealt a small amount of crack. The jury could also have determined that the events of March 12, 2005, when police arrested Craig and his brother together, amounted to a conspiracy to possess and distribute crack cocaine that satisfied the requirements of Count One of the indictment.

As to Count Two, the jury could have apportioned the 7.54 grams of crack in various amounts to Craig and his brother. It could also have found that Craig possessed the smaller piece of

11

crack located under the rear seat of his car. Alternately, the jury could have decided to show mercy and find Craig guilty of possessing less crack than the evidence suggested he actually possessed.

Ultimately, we do not know how the jury considered the evidence. All we know for certain is that after considering the evidence, the jury found Craig guilty of two of the charged offenses, and the record contains sufficient evidence to support that verdict.

IV.

Finally, Craig argues that the district court erred by overruling his objection to the hearsay testimony of FBI agent David Drew. Agent Drew testified that he used an informant, Sean Wright, to purchase drugs and report the transactions to Drew. On cross-examination, defense counsel asked Drew whether Wright had ever told Drew that he had purchased drugs from Craig. Drew responded that he had not. On redirect, the Government asked Drew to relate Wright's observations. Drew responded that Wright had told him that he observed Craig make a hand-to-hand narcotic transaction with another individual. Defense counsel did not object to the hearsay at that time because the Government had subpoenaed Wright to appear later in the trial. After Wright failed to appear, defense counsel did

12

promptly object to the hearsay testimony. The district court overruled the objection on the grounds that it was not timely, and that Craig's attorney had "opened the door" to the hearsay by soliciting hearsay testimony from Agent Drew on cross examination.

For purposes of our review, we will assume defense counsel lodged a timely objection to the hearsay. The parties agree that we review rejection of even a timely objection to hearsay for abuse of discretion. "A district court is given broad discretion in its evidentiary rulings, which are entitled to substantial deference." United States v. Murray, 65 F.3d 1161, 1170 (4th Cir. 1995). For a district court to abuse its discretion, it must act "arbitrarily or irrationally." United States v. Achiekwelu, 112 F.3d 747, 753 (4th Cir. 1997).

Hearsay testimony is generally inadmissible. See Fed. R. Evid. 802. However, a court may admit such testimony if the opposing party "opened the door" by soliciting similar testimony herself. See United States v. Williams, 106 F.3d 1173, 1177 (4th Cir. 1997). In Williams, on cross examination, defense counsel asked a government agent whether he had personal knowledge of any dealings between the defendant and an informant; the agent responded that he did not. On re-direct examination, the prosecutor asked, "[a]nd did [the informant] say whether or not he had ever obtained methamphetamine from the

13

defendant?"  The agent answered "yes."  Id. at 1177.  The defense objected to the statement as hearsay, the court overruled the objection because the defense had "opened the door," and we affirmed.

Williams controls here.  In Williams, the defense did not directly solicit hearsay testimony.  Rather, it merely asked whether the agent had "personal knowledge" of illicit dealings. In this case, by contrast, Craig's attorney explicitly solicited hearsay testimony.  If the door was open in Williams, then it is wide agape here, and we cannot deem the district court's decision an abuse of discretion.[6]


V.

In sum, we hold that Craig had no entitlement to a lesser included offense instruction, that the jury possessed sufficient evidence to convict him, and that the district court did not

---

[6] Craig would have us rely, instead, on Achiekwelu, in which we affirmed a district court's decision to permit the Government to offer a tardy objection to an unauthenticated exhibit. Achiekwelu is inapposite for two reasons.  First, the district court sustained the objection in Achiekwelu, but overruled it here.  Thus, Achiekwelu does not stand for the proposition that tardy objections will always suffice.  Rather, it suggests that even though tardy objections are disfavored, an appellate court will defer to the trial court's decision to permit such an objection.  Second, Achiekwelu dealt only with timeliness of an objection.  It said nothing about whether the defense "opened the door" to hearsay, the key issue here.

14

abuse its discretion in admitting Agent Drew's hearsay testimony. The judgment of the district court is therefore

AFFIRMED.